Certified True Copy

1
2
3
4
5
6
7
8

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR YAMHILL COUNTY

GABRIELLE PURDOM-CHRISTY,          Case No. 18CV40518

Plaintiff,                         **SUMMONS**

v.

SALEM HOME CARE, LLC, an Oregon limited
liability company; and JOSEPH DAFOE,
Individually;

Defendants.

TO:    Salem Home Care, LLC
       c/o Corporation Service Company, Registered Agent
       1127 Broadway St., NE, Ste. 310
       Salem, Oregon 97301

You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT:**
**READ THESE PAPERS CAREFULLY.**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff(s) attorney or, if Plaintiff(s) do not have any attorney, proof of service upon the Plaintiff(s).

\\\

\\\

\\\

PAGE 1 – SUMMONS

BASSINGER & HARVEY
PO Box 1309 – Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
1 of 31

1
2         If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free in Oregon at (800) 452-7636.
3
4                                                          BASSINGER & HARVEY
5
                                                     By: _____
6                                                          Randy J. Harvey, OSB # 116714
                                                          PO Box 1309
7                                                          Sherwood, Oregon 97140
                                                          Telephone: 503-822-5340
8                                                          Fax: 503-433-1404
                                                          randy@bassingerharveylaw.com
9                                                          Of Attorneys for Plaintiff
                                                          Trial Attorney: Randy J. Harvey
10                                                         OSB # 16714
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PAGE 2 – SUMMONS

BASSINGER & HARVEY
PO Box 1309 – Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
2 of 31

9/12/2018 2:52 PM
18CV40518

CERTIFIED TRUE COPY

1

2

3

4

5          IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR YAMHILL COUNTY

6   GABRIELLE PURDOM-CHRISTY,              Case No.  18CV40518

7            Plaintiff,                    **COMPLAINT**

8          v.                              (Discrimination; Hostile Work Environment;
                                           Retaliation; Aiding and Abetting Discrimination;
9   SALEM HOME CARE, LLC, an Oregon limited Aiding and Abetting Retaliation; Battery; and
    liability company; and JOSEPH DAFOE,   Assault)
10  Individually;
                                           CLAIMS NOT SUBJECT TO MANDATORY
11           Defendants.                   ARBITRATION

12                                         Claim: $671,600

13                                         Filing Fee: $560 (ORS 21.160(1)(c))

14        Plaintiff alleges as follows:

15                                        1.

16        At all material times herein, Plaintiff was and is a resident of Yamhill County, Oregon.

17                                        2.

18        At all material times herein, Defendant Salem Health Care (hereinafter "SHC") was and is a

19  limited liability company authorized to conduct business in the state of Oregon.

20                                        3.

21        At all material times herein, Defendant Joseph daFoe (hereinafter "daFoe") was a supervisory

22  employee of SHC and was at times acting within the course and scope of his employment for SHC.

23                                        4.

24        daFoe has a history of bullying, harassment and violence against women in his previous

25  employment, which SHC failed to exercise reasonable care to discover.

26  \\\

PAGE 1 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 – Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
3 of 31

**FIRST CLAIM FOR RELIEF**

**(Civil Assault Against daFoe)**

5.

Plaintiff incorporates paragraphs 1 through 4 by reference.

6.

On or about February 6, 2018, daFoe went to Plaintiff's office and intended to threaten Plaintiff and did threaten Plaintiff in a menacing manner by shouting at her and thrusting his finger into Plaintiff's face in an attempt to strike Plaintiff, causing Plaintiff to jump back to avoid being struck and causing her to slam into her chair.

7.

daFoe intended to place Plaintiff in apprehension of bodily harm and did place Plaintiff in apprehension of bodily harm, and indignity and, as a result thereof, Plaintiff suffered apprehension, fear and traumatic stress resulting from the assault and may recover emotional distress damages in an amount to be proven at trial, but not less than $300,000.

8.

As a direct and proximate result of daFoe's acts described above, Plaintiff has incurred financial damages in an amount to be proven at trial, but not less than $50,000.

**SECOND CLAIM FOR RELIEF**

**(Civil Battery Against daFoe)**

9.

Plaintiff incorporates paragraphs 5 through 8 by reference.

10.

daFoe intended to strike Plaintiff or intended to put Plaintiff in imminent apprehension of such physical contact by shouting at her and attempting to strike her in the face. As a result, Plaintiff was put in imminent apprehension of being struck by daFoe and fell back against her office chair.

\\\

PAGE 2 – COMPLAINT

11.

As a direct and proximate result of daFoe's acts described above, Plaintiff has incurred financial damages in an amount to be proven at trial, but not less than $50,000.

12.

Plaintiff has suffered mental suffering and emotional distress and continues to suffer from fear of assault by male supervisors. Plaintiff is entitled to recover emotional distress damages in an amount to be proven at trial, but not less than $300,000.

13.

Plaintiff has suffered financial damages as a result of Defendant daFoe's battery in an amount to be proven at trial, but not less than $50,000.00.

**THIRD CLAIM FOR RELIEF**

**(Ratification Against SHC)**

14.

Plaintiff incorporates paragraphs 9 through 13 by reference.

15.

SHC knew or reasonably should have known of daFoe's previous history of bullying, harassment and discrimination toward women at the time it hired daFoe. Knowing that daFoe treated women in this way, SHC terminated Plaintiff's employment after daFoe's assault and battery on Plaintiff.

16.

daFoe committed the assault and battery as herein alleged on or about February 6, 2018. SHC has adopted and ratified daFoe's conduct in that SHC promoted and condoned a work environment in which assaults were tolerated.  In fact, SHC has adopted daFoe's assault and battery as its own in that SHC has continued to retain daFoe and has expressly or by implication adopted daFoe's conduct as its own when it terminated Plaintiff.

\\\

PAGE 3 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
5 of 31

17.

As a direct and proximate result of daFoe's acts described above, Plaintiff has incurred financial damages according to proof. Plaintiff requests $50,000. Plaintiff has incurred mental suffering and continues to suffer from fear of assault by male supervisors in an amount to be proven at trial, but not less than $300,000.

**FOURTH CLAIM FOR RELIEF**

**COUNT ONE**

**(Retaliation Against SHC)**

18.

Plaintiff incorporates paragraphs 14 through 17 by reference.

19.

Plaintiff is a member of a protected class because she is female.

20.

daFoe is a large male and has a history of intimidating and harassing females during current and former employment.

21.

Plaintiff engaged in a legally protected activity by opposing understaffing and overworking employees, in the good faith belief that such understaffing comprised an immediate risk to patient care and employee safety.

22.

Plaintiff repeatedly raised this concern with SHC and daFoe.

23.

After Plaintiff's opposition to daFoe and SHC's decisions to under staff and overwork employees, Plaintiff was subjected to assault and battery, suspension from work and termination.

\\\

\\\

PAGE 4 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
6 of 31

24.

Plaintiff's opposition to daFoe and SHC's decisions to under staff and overwork employees risking patient safety was a substantial and/or motivating factor in SHC's decision to suspend and terminate Plaintiff.

25.

SHC ratified daFoe's retaliation against Plaintiff for protected activity. As a direct and proximate result of ratifying daFoe's acts described above, Plaintiff has incurred financial damages as follows:

    (a)   Backpay in an amount to be proven at trial, but not less than $8,000 per month, plus benefits provided while employed, in the amount of $2,800 per month; and

    (b)   Front pay in an amount to be proven at trial, but not less than $192,000, plus twenty-four months of benefits at $2,800 per month, not less than $67,000. Plaintiff has incurred mental suffering and continues to suffer from fear of assault by male supervisors in an amount to be proven at trial, but not less than $300,000.

26.

daFoe and SHC's suspension and termination of Plaintiff was a legal cause of harm to Plaintiff.

**COUNT TWO**

**(Aiding and Abetting Retaliation Against SHC)**

27.

Plaintiff incorporates paragraphs 18 through 26 by reference.

28.

On information and belief, daFoe has a work history of bullying and intimidating women at his current and former employment positions.

29.

Plaintiff is a woman and engaged in opposition to:

    (a)   daFoe's bullying and intimidation of women in the work force in the good faith belief that such conduct by daFoe violated Oregon Law and Title VII and was discriminatory toward

PAGE 5 – COMPLAINT

1   women;

2   (b)   daFoe's unsafe employment practices in the work place; and

3   (c)   daFoe's actions that placed patient safety at risk.

4                                         30.

5   After Plaintiff's opposition to daFoe's violations, Plaintiff was subjected to bullying and

6   intimidation by daFoe including, but not limited to, assault, battery, harassment and intimidation.

7                                         31.

8   Plaintiff's good faith opposition to daFoe's conduct was a substantial and/or motivating factor in

9   Plaintiff's suspension and termination.

10                                        32.

11   Plaintiff's suspension and termination was a legal cause of financial and emotional harm to

12   Plaintiff including loss of income. Plaintiff is entitled to:

13   (a)   Back in an amount to be proven at trial, but not less than $8,000 per month, including roll-

14        up costs, insurance and benefits at $2,800 per month;

15   (b)   Front pay in an amount to be proven at trial, but not less than $192,000;

16   (c)   Emotional distress damages for mental suffering and emotional distress in an amount to

17        be proven at trial, but not less than $300,000; and

18   (d)   Statutory pre-judgment and post-judgment interest.

19                           **FIFTH CLAIM FOR RELIEF**

20                          **(Discrimination Against SHC)**

21                                        33.

22   Plaintiff incorporates paragraphs 27 through 32 by reference.

23                                        34.

24   Plaintiff is a woman and was personally subjected to hostility, intimidation, bullying and

25   harassment by daFoe because of her gender.  daFoe has a work history of harassing, bullying and

26   discriminating against women in previous and current employment.

PAGE 6 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
8 of 31

35.

Plaintiff's response to daFoe's discriminatory conduct toward her as a woman was a substantial or motivating factor in her suspension and termination.

36.

Plaintiff is fully qualified for the position she held and, prior to her good faith opposition to misconduct by Defendants, was evaluated positively.

37.

Plaintiff's gender was a substantial and/or motivating factor in daFoe's discrimination targeting Plaintiff for intimidation, harassment, assault and battery.

38.

Plaintiff's suspension and termination was a legal cause of financial and emotional harm to Plaintiff including loss of income. Plaintiff is entitled to:

(a)    Back pay according to proof. Plaintiff requests $8,000 per month, including roll-up costs, insurance and benefits at $2,800 per month;

(b)    Front pay in an amount to be proven at trial, but not less than $192,000;

(c)    Emotional distress damages for mental suffering and emotional distress in an amount to be proven at trial, but not less than s $300,000; and

(d)    Statutory pre-judgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF

### COUNT ONE

### (Aiding and Abetting Retaliation Against daFoe)

39.

Plaintiff incorporates paragraphs 33 through 38 by reference.

40.

SHC retaliated against Plaintiff for good faith reporting of unsafe staffing and wrongful employment practices by suspending and terminating Plaintiff's employment.

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
9 of 31

41.

daFoe was aware that SHC was suspending and terminating Plaintiff as a result of her protected activities.

42.

daFoe knew that SHC was suspending and terminating Plaintiff based on his recommendation and actions.

43.

daFoe provided substantial assistance and advocated for SHC in suspending and terminating Plaintiff.

44.

As a direct and proximate result of daFoe's acts described above, Plaintiff has incurred financial damages in an amount to be proven at trial, but not less than $100,000. Plaintiff has incurred mental suffering and continues to suffer from fear of assault by male supervisors in an amount to be proven at trial, but not less than $300,000.

**COUNT TWO**

**(Aiding and Abetting Discrimination Against SHC)**

45.

Plaintiff incorporates paragraphs 39 through 44 by reference.

46.

daFoe was aware that SHC was suspending and terminating Plaintiff as a result of her protected activities.

47.

SHC knew or reasonably should have known that daFoe was discriminating against Plaintiff.

48.

SHC provided substantial assistance and acted to support and ratify daFoe's recommendation to suspend and terminate Plaintiff.

PAGE 8 – COMPLAINT

49.

Plaintiff's suspension and termination was a legal cause of financial and emotional harm to Plaintiff including loss of income. Plaintiff is entitled to:

    (a)    Back pay according to proof. Plaintiff requests $8,000 per month, including roll-up costs, insurance and benefits at $2,800 per month;

    (b)    Front pay in an amount to be proven at trial, but not less than $192,000;

    (c)    Emotional distress damages for mental suffering and emotional distress in an amount to be proven at trial, but not less than $300,000; and

    (d)    Statutory pre-judgment and post-judgment interest.

## SEVENTH CLAIM FOR RELIEF

## (Hostile Work Environment)

50.

Plaintiff incorporates by reference paragraphs 45 through 49.

51.

Plaintiff belongs to a protected class because she is a woman and because she in good faith opposed unsafe conditions for patients and unlawful employment practices.

52.

Plaintiff was subjected to unwelcome harassment, intimidation and bullying, including assault and battery as a result of her gender and/or as a result of opposition to unsafe conditions and unlawful employment practice.

53.

The harassment, bullying, intimidation, assault and battery suffered were a direct and proximate result of Plaintiff's gender and her opposition to unsafe conditions and unlawful employment practices.

\\\

\\\

PAGE 9 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
11 of 31

54.

The harassment, bullying and intimidation Plaintiff suffered affected a term of Plaintiff's employment because she was suspended and terminated from employment.

55.

SHC, who employs daFoe, knew of daFoe's harassing, bulling and intimidation tactics and took no action to prevent his harm to Plaintiff.

56.

Plaintiff's suspension and termination was a legal cause of financial and emotional harm to Plaintiff including loss of income. Plaintiff is entitled to:

(a)   Back pay according to proof. Plaintiff requests $8,000 per month, including roll-up costs, insurance and benefits at $2,800 per month;

(b)   Front pay in an amount to be proven at trial, but not less than $192,000;

(c)   Emotional distress damages for mental suffering and emotional distress in an amount to be proven at trial, but not less than $300,000; and

(d)   Statutory pre-judgment and post-judgment interest.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.   Back pay in a monthly amount of $8,000 per month, including roll-up costs, insurance and benefits at $2,800 per month;

2.   Front pay in an amount to be proven at trial, but not less than $192,000;

3.   General damages in an amount to be proven at trial, but not less than $50,000;

4.   Emotional distress in an amount to be proven at trial, but not less than $300,000;

5.   Interest to the extent allowable by law;

6.   Attorney fees under ORS 652.200, ORS659A.030 and costs of suit herein;

\\\

\\\

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
12 of 31

7.     On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

8.     Plaintiff intends to seek an order of the court allowing pursuit of punitive damages; and

9.     Any other relief the court deems just and equitable.

DATED this ___//___ day of September 2018.

BASSINGER & HARVEY

By: _____
Randy J. Harvey, OSB #116714
Of Attorneys for Plaintiff
Trial Attorney: Randy J. Harvey
randy@bassingerharveylaw.com

PAGE 11 – COMPLAINT

BASSINGER & HARVEY
PO Box 1309 - Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Exhibit 1
13 of 31

Certified True Copy

_[signature]_

1

2

3

4

5

6

7

8            IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR YAMHILL COUNTY

9    GABRIELLE PURDOM-CHRISTY,                    Case No. 18CV40518

10            Plaintiff,                          **SUMMONS**

11        v.

12    SALEM HOME CARE, LLC, an Oregon limited
      liability company; and JOSEPH DAFOE,
13    Individually;

14            Defendants.

15    TO:    Salem Health Care, LLC, Defendant and its attorney,
             Anthony Copple
16           Jackson Lewis P.C.
             200 SW Market St., Suite 540
17           Portland, OR 97201

18            You are hereby required to appear and defend the First Amended Complaint filed against you
      in the above-entitled action within thirty (30) days from the date of service of this Summons upon you,
19    and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief
      demanded in the First Amended Complaint.

20
                              **NOTICE TO THE DEFENDANT:**
21                          **READ THESE PAPERS CAREFULLY.**

22            You must "appear" in this case or the other side will win automatically.  To "appear" you must
      file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer" must be given
23    to the court clerk or administrator within thirty (30) days along with the required filing fee.  It must be in
      proper form and have proof of service on the Plaintiff's attorney or, if Plaintiff does not have any
24    attorney, proof of service upon the Plaintiff.

25    \\\

26    \\\

      PAGE 1 – SUMMONS

                                    BASSINGER & HARVEY
                          PO Box 1309 – Sherwood, Oregon 97140
                          (503) 822-5340 – Fax (503) 433-1404

Exhibit 1
14 of 31

1

2          If you have any questions, you should see an attorney immediately.  If you need help in finding
   an   attorney,   you   may   contact   the   Oregon   State   Bar's   Lawyer   Referral   Service   at
3  www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free in
   Oregon at (800) 452-7636.

4                                                         BASSINGER & HARVEY

5                                              By: _____

6                                                  Randy J. Harvey, OSB # 116714
                                                   PO Box 1309
7                                                  Sherwood, Oregon 97140
                                                   Telephone: 503-822-5340
8                                                  Fax: 503-433-1404
                                                   randy@bassingerharveylaw.com
9                                                  Of Attorneys for Plaintiff
                                                   Trial Attorney: Randy J. Harvey
10                                                 OSB # 16714

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 – SUMMONS

12/4/2018 11:01 AM
18CV40518

Certified True Copy

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR YAMHILL COUNTY

| | |
|---|---|
| GABRIELLE PURDOM-CHRISTY, | Case No. 18CV40518 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | (Retaliation; Discrimination; Hostile Work Environment; Negligent Hiring) |
| SALEM HOME CARE, LLC, an Oregon limited liability company; and JOSEPH DAFOE, Individually; | CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendants. | Claim: $671,000 |
| | Filing Fee: $560 (ORS 21.160(1)(c)) |

Plaintiff alleges as follows:

1.

At all material times herein, Plaintiff was and is a resident of Yamhill County, Oregon.

2.

At all material times herein, Defendant Salem Health Care (hereinafter "SHC") was and is a limited liability company authorized to conduct business in the state of Oregon.

3.

At all material times herein, Defendant Joseph DaFoe (hereinafter, "DaFoe") was and is the Director of SHC.

4.

Plaintiff is a member of a protected class as a female.

5.

Plaintiff is a member of a protected class because she reported illegal, unsafe working conditions and policy violations to her employer and supervisors.

PAGE 1 -- FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
16 of 31

1

**FIRST CLAIM FOR RELIEF**

2

**First Claim for Relief**

3

**Count One**

4

**(Retaliation for Reporting Gender Discrimination, ORS 659A.030, et.seq.)**

5

6.

6

Plaintiff incorporates paragraphs 1 through 5 by reference.

7

7.

8

Plaintiff is a woman and engaged in opposition to DaFoe's bullying and intimidation of women

9

in the work force in the good faith belief that such conduct by DaFoe violated Title VII and was

10

discriminatory toward women.

11

8.

12

DaFoe is a large male and, on information and belief, has a history of intimidating and

13

harassing females during current and former employment.

14

9.

15

On information and belief, DaFoe has a work history of bullying and intimidating women at his

16

current and former employment positions

17

10.

18

DaFoe regularly used his imposing size, physicality and bellowing voice to intimidate females in

19

the workplace to comply with his demands but did not use these tactics with males in the workplace.

20

11.

21

Plaintiff repeatedly complained to SHC and DaFoe that DaFoe's conduct was improper and

22

asked that it stop.

23

12.

24

After Plaintiff's opposition to DaFoe and SHC's decisions to allow DaFoe to continue behaving

25

improperly, Plaintiff was subjected to further retaliation in the form of assault and battery, suspension

26

from work, and termination.

PAGE 2 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
17 of 31

13.

Plaintiff's opposition to DaFoe's conduct was a motivating factor in SHC's decision to suspend and terminate Plaintiff.

14.

As a direct and proximate result of SHC's retaliation against Plaintiff including harassment, bullying, assault, battery, suspension and termination, Plaintiff was terminated suffering a loss of wages in the amount of $95,000 per year and commensurate benefits to SHC ratified DaFoe's retaliation against Plaintiff for protected activity. Plaintiff has been harmed financially according to proof but no less than $125,000.

15.

Plaintiff has been harmed mentally and emotionally as a direct and proximate result of SHS's retaliation against Plaintiff for opposing gender discrimination in an amount according to proof but no less than $250,000.

16.

Plaintiff has suffered harm to her reputation as a nursing professional and is entitled to compensatory damages in an amount according to proof, but not less than $50,000.

17.

Plaintiff is entitled to statutory recovery of attorney fees and costs under ORS 659A.885.

**Count Two**

**(Retaliation Against SHC for Whistleblowing, ORS 659A.030, et.seq,)**

18.

Plaintiff incorporates paragraphs 6 through 17 by reference.

19.

Plaintiff in good faith repeatedly reported SHS's understaffing and overworking employees which in her belief created a patient safety risk. Plaintiff also reported policy violations endangering patient welfare.

PAGE 3 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
18 of 31

20.

After Plaintiff's repeated reporting of violations to DaFoe's and others at SHC, she was subjected to bullying and intimidation by DaFoe including, but not limited to:

    A.    verbal assaults and demeaning pejoratives;

    B.    physical intimidation invading her personal space and standing over her;

    C.    assault, by threatening to strike her;

    D.    battery charging her while sticking his finger in her face causing her to strike her chair in an effort to evade the assault;

    E.    suspending her on the pretense of misconduct; and

    F.    terminating plaintiff on the pretense of misconduct.

21.

Plaintiff's repeated complaints to SHC and to DaFoe's about violations of the law, policy violations and risking patient safety was a substantial or motivating factor in DaFoe's conduct toward her and in Plaintiff's suspension and termination.

22.

As a direct and proximate result of SHC's retaliation against Plaintiff including harassment, bullying, assault, battery, suspension and termination, Plaintiff was terminated suffering a loss of wages in the amount of $95,000 per year and commensurate benefits to SHC ratified DaFoe's retaliation against Plaintiff for protected activity. Plaintiff has been harmed financially according to proof but no less than $125,000.

23.

Plaintiff has been harmed mentally and emotionally as a direct and proximate result of SHS's retaliation against Plaintiff for opposing gender discrimination in an amount according to proof but no less than $250,000.

\\\

\\\

PAGE 4 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
19 of 31

24.

Plaintiff has suffered harm to her reputation as a nursing professional and is entitled to compensatory damages in an amount according to proof, but not less than $50,000.

25.

Plaintiff is entitled to statutory recovery of attorney fees and costs under ORS 659A.885.

**SECOND CLAIM FOR RELIEF**

**Count One**

**(Discrimination Based on Gender, ORS 659A.030 *et.seq.*)**

26.

Plaintiff incorporates paragraphs 18 through 25 by reference.

27.

Plaintiff performed her duties as required under job description.

28.

Plaintiff is a woman and was personally subjected to hostility, intimidation, bullying and harassment by DaFoe because of her gender. On information and belief DaFoe did not engage in the same conduct toward males.

29.

Plaintiff complained to DaFoe and SHC about DaFoe's conduct toward her as a female, however SHC took no action against DaFoe and DaFoe's discriminatory conduct toward Plaintiff increased.

30.

DaFoe used pejorative language toward Plaintiff that was gender based and demeaning and Plaintiff complained to SHC.

31.

SHC's response to Plaintiff's complaints about DaFoe's discriminatory conduct toward her as a woman was to suspend and terminate her.

PAGE 5 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
20 of 31

32.

Plaintiff feared for her personal safety based on threats and feared for her financial security based on his reasonable belief that she was being targeted by DaFoe and SHC based on her gender which could result in a loss of his employment, affect her nursing license and caused her severe mental and emotional distress according to proof, but not less than $250,000.

33.

Plaintiff was terminated causing her economic loss according to proof, including lost wages of $95,000 per year, lost medical insurance benefits of not less than $3,000 per month, according to proof but not less than $125,000.

34.

Plaintiff has suffered a loss of reputation as an experiences registered nurse and is entitled to compensatory damages of $200 or actual damages according to proof, but not less than $50,000.

35.

Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885.

### Count Two

### (Ratification Discrimination ORS §656.156, 659A.040)

### Against SHC

36.

Plaintiff incorporates paragraphs 26 through 35 by reference.

37.

SHC suspended and terminated Plaintiff as a result of her protected activities of reporting gender discrimination and whistleblowing.

\\\

\\\

\\\

PAGE 6 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
21 of 31

38.

Plaintiff alleges that she reported DaFoe's discrimination to SHC and that by SHC's failure to prevent or correct gender discrimination by DaFoe against Plaintiff, SHC ratified and encouraged the conduct of DaFoe.

39.

Plaintiff alleges that by SHC's was aware of or reasonably should have been aware of DaFoe's reputation and history of engaging in discriminatory and retaliatory conduct and SHC failed to take any action to protect Plaintiff and thereby ratified DaFoe's discriminatory actions by suspending and terminating her employment.

40.

As a result of defendants' unlawful conduct as alleged in this complaint, plaintiff was terminated by SHC, causing Plaintiff economic loss according to proof, including lost wages of $95,000 per year, lost medical insurance benefits of not less than $3,000 per month, according to proof but not less than $125,000.

41.

Plaintiff has suffered a loss of reputation as a registered nurse and is entitled to compensatory damages of $200 or actual damages according to proof, but not less than $50,000.

42.

Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885.

### THIRD CLAIM FOR RELIEF

### (Hostile Work Environment)

### Count One: Hostile Work Environment Gender ORS §659A.030 *et.seq*

43.

Plaintiff incorporates paragraphs 36 through 42 by reference.

\\\

PAGE 7 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
22 of 31

44.

Defendant DaFoe a large male, physically attacked Plaintiff in an unprovoked assault in an effort to intimidate, harass, and bully Plaintiff who is a woman.  As a result of the unprovoked verbal abuse, assault and battery Plaintiff was unable to perform her duties in the work place.

45.

The harassment, bullying and intimidation suffered by Plaintiff affected a term of Plaintiff's employment because she was suspended and terminated.

46.

On information and belief Defendant DaFoe only engaged in this form of conduct with women.

47.

SHC, who employs DaFoe, knew or reasonably should have known of DaFoe's harassing, bulling and intimidation tactics against women and took no action to prevent his harm to Plaintiff.

48.

As a result of defendants' unlawful conduct as alleged in this complaint, plaintiff was terminated by SHC, causing Plaintiff economic loss according to proof, including lost wages of $95,000 per year, lost medical insurance benefits of not less than $3,000 per month, according to proof but not less than $125,000.

49.

Plaintiff has suffered a loss of reputation as a registered nurse and is entitled to compensatory damages of $200 or actual damages according to proof, but not less than $50,000.

50.

Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      Back pay at a monthly rate of $8,985 per month, plus benefits of $3,200 per month;

2.      Front pay for two years according to proof, but not less than $190,000;

PAGE 8 – FIRST AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
23 of 31

1      3.      Mental and emotional distress damages according to proof, but not less than $250,000;

2      4.      Compensatory damages for loss to character, reputation and status as a sworn officer

3 according to proof, but not less than $50,000;

4      5.      Pre-judgment and post-judgment interest as allowed by law;

5      6.      On all claims, as applicable, amounts necessary to offset the income tax consequences

6 of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time

7 frame;

8      7.      Declaring that SHC violated the statutes set forth in Plaintiff's Claims for Relief;

9      8.      Awarding Plaintiff $200 or actual economic damages pursuant to ORS659A.885(3) for

10 his lost earning capacity and future earnings and benefits in amounts as awarded by a jury, whichever

11 is greater;

12      9.      Awarding plaintiff his costs and disbursements, including reasonable attorney fees,

13 costs, and expert witness fees pursuant ORS 659A.885; and

14      10.     Any other relief the court deems just and equitable.

15      DATED this 3rd  day of December, 2018.

16                            BASSINGER & HARVEY

17

18                         By: _____

                                Randy J. Harvey, OSB #116714

19                         Of Attorneys for Plaintiff

                                  Trial Attorney:  Randy J. Harvey

20                         randy@bassingerharveylaw.com

21

22

23

24

25

26

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
24 of 31

5/29/2019 5:28 PM
18CV40518

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR YAMHILL COUNTY

| | |
|---|---|
| GABRIELLE PURDOM-CHRISTY, | Case No. 18CV40518 |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | (Retaliation; Discrimination; and Hostile Work Environment) |
| SALEM HOME CARE, LLC, an Oregon limited liability company; and JOSEPH DAFOE, Individually; | CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendants. | Claim: $350,000 |
| | Filing Fee: $560 (ORS 21.160(1)(c)) |

Plaintiff alleges as follows:

1.

At all material times herein, Plaintiff was and is a resident of Yamhill County, Oregon.

2.

At all material times herein, Defendant Salem Health Care (hereinafter "SHC") was and is a limited liability company authorized to conduct business in the state of Oregon.

3.

At all material times herein, Defendant Joseph DaFoe (hereinafter, "DaFoe") was and is the Director of SHC.

4.

Plaintiff is a member of a protected class as a female.

PAGE 1 – SECOND AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
25 of 31

1          5.

2          Plaintiff is a member of a protected class because she reported illegal, unsafe working conditions

3   and policy violations to her employer and supervisors.

4                          **FIRST CLAIM FOR RELIEF**

5                          **Against Defendant SHC**

6    **(Retaliation for Whistleblowing - ORS 659A.030(f), 659A.199 and 42 U.S.C.A. § 2000e–3(a))**

7          6.

8          Plaintiff incorporates paragraphs 1 through 5 by reference.

9          7.

10         Plaintiff is a woman and engaged in good faith opposition to DaFoe's bullying, intimidation and

11   discrimination toward women in one or more of the following particulars:

12         (a)      Complained to Defendants about DaFoe bullying women in the workplace;

13         (b)      Complained to human resources about DaFoe shouting at and being physically

14   aggressive with women; and/or

15         (c)      Complained to human resources that DaFoe assaulted and battered Plaintiff

16         (d)      Filed a police report with the Salem Police Department.

17         8.

18         DaFoe made  one or more of the following statements in front of female employees including the

19   Plaintiff:

20         (a)      Asked Plaintiff if her "blonde hair was blonde all the way to the roots?" in a dispute about

21   services to a patient;

22         (b)      referred to women as "dumb blondes" in regard to errors made by women;

23         (c)      Stated that "women are worthless," "lazy" and "caddy";

24         (d)      Stated in regard to a female employee "I have little time for emotional behavior and being

25   an under achiever as she is";

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
26 of 31

1    (e)    Told a female employee to "bring me the fucking file and get the hell out of my office";

2    (f)    Stated How do people like her retain a job she is worthless; and

3    (g)    Routinely used profanity in the workplace, including the word "fuck" and swearing at

4    female employees.

5                                     9.

6    Plaintiff made complaints to DaFoe and SHC in one or more of the following particulars:

7    (a)    Staff to patient ratios were unsafe which placed patients at risk; and

8    (b)    Staff were being overworked because of understaffing creating unsafe conditions for

9    patients.

10                                    10.

11    After making complaints to DaFoe and SHC, Plaintiff was subjected to materially adverse

12    employment actions including:

13    (a)    bullying in the form of shouting, profanity, belittling by DaFoe and threats to Plaintiff's job;

14    (b)    physical invasion of Plaintiff's space by DaFoe standing very close, waving his arms in

15    an aggressive manner, looking down on Plaintiff;

16    (c)    physical assault by DaFoe in Plaintiff's office placing Plaintiff in immediate fear of harmful

17    contact;

18    (d)    battery by DaFoe in Plaintiff's office by cornering Plaintiff and causing Plaintiff to strike

19    her office chair;

20    (e)    placed Plaintiff on suspension; and

21    (f)    terminated Plaintiff's employment.

22                                    11.

23    Plaintiff's opposition to DaFoe's conduct was a motivating factor in SHC's and DaFoe's decision

24    to suspend and terminate Plaintiff.

25    \\\

PAGE 3 – SECOND AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
27 of 31

12.

As a direct and proximate cause of retaliation for whistleblowing, Defendants' actions caused Plaintiff to incur:

    (a)    Lost wages in the amount of $33,000 August 16, 2018 to date of judgment;

    (b)    Lost benefits in the amount of $4248 as of August 20,2018 plus further loss benefits accruing at $338 per month from August 20, 2018 to date of judgment;

    (c)    Loss to Plaintiff's reputation in an amount to be proven at trial but not less than $50,000; and

    (d)    Emotional damages in an amount to be proven at trial but not less than $250,000.

13.

Pursuant to ORS 20.107, 659A.885, and 42 U.S.C.A. § 2000e-5, Plaintiff is entitled to her reasonable attorney fees and expert witness fees incurred herein.

**SECOND CLAIM FOR RELIEF**

**Against All Defendants**

**(Gender Discrimination - ORS 659A.030(1)(b) and 42 U.S.C. § 2000e–2(a)(1))**

14.

Plaintiff incorporates paragraphs 6 through 13 by reference.

15.

Plaintiff is a female registered nurse licensed to practice nursing in the State of Oregon. Plaintiff met or exceeded the performance requirements of her position with SHC.

16.

Plaintiff complained to DaFoe and SHC about DaFoe's treatment of women.

17.

As a woman, Plaintiff was subjected to one or more of the behaviors described in paragraphs 8 and 10 above.

PAGE 4 – SECOND AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
28 of 31

1                      18.

2       As a woman, Plaintiff was subjected to one or more of the following behaviors by SHC:

3      (a)     failure to protect Plaintiff from DaFoe's conduct;

4      (b)     failure to protect Plaintiff from DaFoe's assault;

5      (c)     placing Plaintiff on suspension; and

6      (d)     terminating Plaintiff's employment.

7                      19.

8       On information and belief, male employees of SHC were not subjected to the same treatment as

9 Plaintiff was by DaFoe and/or SHC.

10                 **THIRD CLAIM FOR RELIEF**

11                 **Against All Defendants**

12      **(Hostile Work Environment - ORS 659A.030 and 42 U.S.C.A. § 2000e)**

13                   20.

14     Plaintiff incorporates paragraphs 14 through 19 by reference.

15                   21.

16     DaFoe's conduct towards Plaintiff as alleged above was unwelcomed, offensive, and caused

17 Plaintiff to fear for her safety and job security.

18                   22.

19     DaFoe's conduct towards Plaintiff as alleged above was offensive and pervasive causing Plaintiff

20 to breakdown in tears, to fear for her personal safety, and at times hide in her office.

21                   23.

22     Defendants' conduct interfered with Plaintiff's ability to perform her duties.

23 \\\

24 \\\

25 \\\

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
29 of 31

24.

SHC was aware of DaFoe's conduct and behaviors because Plaintiff reported the behavior to SHC and SHC failed to take any corrective actions to protect Plaintiff and other women from DaFoe's conduct.

25.

Plaintiff feared for her personal safety based on threats and feared for her financial security based on her reasonable belief that she was being targeted by DaFoe and SHC based on her gender which could result in a loss of her employment, affecting her nursing license and caused her severe mental and emotional distress in an amount according to proof, but no less than $250,000.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.    Lost wages in the amount $33,000 as of August 16, 2018 to date of judgment;

2.    Lost benefits in the amount of $4,248 as of August 20,2018 plus further loss benefits accruing at $338 per month from August 20, 2018 to date of judgment;

3.    Loss to Plaintiff's professional reputation in an amount to be proven at trial, but not less than $50,000;

4.    Emotional damages in an amount to be proven at trial, but not less than $250,000;

5.    Plaintiff's reasonable attorney fees, expert witness fees, costs and disbursements incurred herein;

6.    Any other relief the court deems just and equitable.

DATED this 29th day of May, 2019.

BASSINGER & HARVEY

By: _____
Randy J. Harvey, OSB #716714
Of Attorneys for Plaintiff
Trial Attorney:  Randy J. Harvey
randy@bassingerharveylaw.com

PAGE 6 – SECOND AMENDED COMPLAINT

BASSINGER & HARVEY
PO Box 1309, 21887 SW Sherwood Blvd., Suite B, Sherwood, Oregon 97140
(503) 822-5340 – Fax (916) 307-5163

Exhibit 1
30 of 31

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing **Second Amended Complaint** on May 19, 2019 upon:

Anthony Copple, Esq.
Jackson Lewis P.C.
200 SW Market Street, Ste 540
Portland, Oregon 97201
*Anthony.Copple@jacksonlewis.com*

by emailing a full, true and correct copy thereof, addressed to the attorney(s) as shown above, at the last known email address of the attorney(s) on the date set forth above.

DATED this 29th day of May, 2019.

BASSINGER & HARVEY

By: _____
Randy J. Harvey, OSB #116714
randy@bassingerharveylaw.com
Of Attorneys for Plaintiff

Exhibit 1
31 of 31